Wright, J.,
delivered the opinion of the Court.
The plaintiff in error was convicted in the Circuit Court of Bedford county, for larceny, in stealing two twenty dollar bank notes upon the Shelbyville Bank of Tennessee, and has prosecuted an appeal in error to this Court.
The ownership of the bank notes is laid, in the indictment, to be in John B. Bates, and the main error relied upon here for a reversal is, that this averment is *455 not sustained by tbe proof, and that the Circuit Judge erred in holding that it was.
Bates was a constable, and had collected these notes for John E. Hall, a creditor. He told Hall he had the money, and would bring or send it to him; whereupon, Hall told him to leave it with Mrs. Bates, the wife of John B. Bates, and that he would call and get it; he, Bates, being often, necessarily, absent from home.
He handed the money to his wife to keep till Hall called for it. On the morning of the theft, being about to leave home, she took the money out of a collar-box, where she had put it for safe keeping, and told her husband to take it, as she was going from home, but he refused to do so, and told her to keep it, as he did not know what moment Mr. Hall might call for it. She then restored it to the box in which she kept her collars, and set it on a bureau in the family room, the prisoner being present and seeing it..
From this box, in a few moments afterwards, the money was stolen.
There can be no doubt, that, upon these facts, the conviction was proper, and the ownership of the money well laid. The possession of the wife here, was the possession of the husband, and the special property, to say the least of it, was in him. It is well settled, that whenever a person has a special property in a thing, or holds it in trust for another, the property may be laid in either. As for instance, goods left at an inn, or entrusted to a person for safe keeping, or to a carrier to carry. Wharton’s Am. Cr. Law, 568; Owen v. The State, 6 Hum., 330; The People v. Schuyler, 6 Cow. R., 572.
*456 The guilt of the prisoner is established by the proof, to our satisfaction, and the verdict of the jury well supported. This is not seriously controverted.
The affidavits for a new trial have nothing in them. They disclose no newly discovered testimony, and if the fact sought to be established by them, had been before the jury, it could not have benefited the prisoner or changed the result.
The judgment of the Circuit Court will be affirmed.